IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


THE MAYS GROUP, INC.,        )    Civil No. 04-1191-JE
                               )
             Plaintiff,   )
                               )
               v.       )    FINDINGS AND
                               )    RECOMMENDATION
AT&T CORP., a New York      )
corporation,             )
                               )
             Defendant.   )
_____)

     David Paul
     Paul & Sugerman, P.C.
     520 S.W. Sixth Avenue, Suite 920
     Portland, OR 97204-1535
         Attorney for Plaintiff

     Timothy R. Volpert
     Lawrence B. Burke
     Davis Wright Tremaine LLP
     1300 S.W. Fifth Avenue, Suite 2300
     Portland, OR 97201
         Attorneys for Defendants

JELDERKS, Magistrate Judge:

Plaintiff The Mays Group, Inc. (Mays) brings this action asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and quantum meruit against defendant AT&T Corporation (AT&T). Defendant moves to dismiss the fraud and quantum meruit claims pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6). The motion should be granted.

## Relevant Allegations

The following allegations are accepted as true for the purposes of analyzing the pending motions.

Plaintiff, a closely held Oregon corporation, entered into a contract to sell telecommunications products and services for defendant AT&T. The contract, which ran from October 2001 through October 2003, contemplated periodic renewals.

Under the contract, defendant was to supply contracts to customers so that the customers could purchase its products and services. The contract was comprised of an agency agreement "and other supplements, appendices and compensation schedules." Plaintiff was periodically paid commissions it earned. Plaintiff was also eligible to earn substantial bonuses as set out in the parties' contract.

Plaintiff performed all the conditions required to earn commissions and bonuses for certain sales, and demanded that

defendant perform its obligation to provide contracts for

sales of telecommunications equipment and services to specific

customers who had indicated a willingness to purchase

defendant's products.

Defendant "owed a duty to provide plaintiff with at least

30 days written notice prior to canceling or amending any

contract or commission agreement."  Defendant refused to

provide 30 days notice of its intent to terminate the parties'

agency contract agreement.  In October, 2002, defendant

completed substantial transactions with plaintiff's customers

that generated sales for which plaintiff had earned

commissions.  Despite plaintiff's repeated demands, defendant

refused to pay plaintiff commissions or bonuses.

Plaintiff brings claims for breach of contract, breach of

the covenant of good faith and fair dealing, quantum meruit,

and fraud.

The quantum meruit claim alleges that

[p]laintiff performed services of substantial value
to defendant.  Defendant either repudiated the
contract by non-performance or terminated the
benefits to plaintiff without timely notice as set
out above.

Defendant received the benefit of plaintiff's
services in creating business between defendant and
Charter Communications, Liberty Northwest and other
customers, and converted plaintiff's efforts for
AT&T without compensating plaintiff for the services
rendered.

Plaintiff is entitled to recover the reasonable
value of the services it performed as measured by

the commissions plaintiff would have earned if AT&T did not breach.

The fraud claim alleges that

[f]rom on or about January, 2001, Defendant did not intend to perform the obligations under the Agency contract with plaintiff.  Nevertheless defendant induced plaintiff to expend considerable effort and expense in pursuing business leads for the benefit of AT&T which would only benefit plaintiff if defendant would support plaintiff's efforts. Defendant failed and refused to support plaintiff in its marketing efforts while fraudulently concealing its decision to not allow plaintiff to market to plaintiff's largest customers.  As a result of this fraud, defendant prevented plaintiff from selling to its leading customers and [plaintiff] lost sales that defendant directed to other agents in competition with plaintiff.

Based on information concealed by defendant until April, 2005, plaintiff learned of this fraud which was revealed just one day prior to plaintiff's deposition in this case.

As a result of the fraud as alleged, plaintiff has suffered economic damages due to lost sales opportunities from existing customers of plaintiff in an amount not to exceed $10,000,000.  The fraudulent conduct of defendant violates the rights of plaintiff and was done in conscious disregard of the rights of plaintiff.  Plaintiff is entitled to an award of punitive damages in the amount of $10,000,000 to punish and deter defendant and others similarly situated.

**DISCUSSION**

1. <u>Motion to dismiss fraud claim for failure to comply with Rule 9(b)</u>

a. <u>Standards</u>

Rule 9(b) provides that

> In all averments of fraud or mistake, the
> circumstances constituting fraud or mistake shall
> be stated with particularity. Malice, intent,
> knowledge, and other condition of mind of a person
> may be averred generally.

To comply with this requirement, a plaintiff pleading fraud must allege "the who, what, when, where, and how" of the defendant's misconduct. <u>Cooper v. Pickett</u>, 137 F.3d 616, 627 (9th Cir. 1997). In order to avoid dismissal for failure to comply with Rule 9(b), a complaint must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1393 (9th Cir. 1989) (<u>quoting</u> <u>Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986)).

b. <u>Analysis</u>

As noted above, plaintiff alleges that defendant AT&T did not intend to perform its contractual obligations, but nevertheless induced plaintiff to expend effort and expense pursuing business leads for defendant's benefit. Plaintiff

further alleges that defendant failed and refused to support plaintiff in its marketing efforts while fraudulently concealing its decision to not allow plaintiff to market to plaintiff's largest customers. Plaintiff alleges that it learned of this fraud from information that was concealed until April, 2005.

These allegations of misrepresentation do not satisfy the requirements of Rule 9(b). Plaintiff does not allege with any particularity the time, place, and character of the representations or omissions that constituted the alleged fraud. Simply alleging that defendant did not intend to perform its obligations "[f]rom on or about January, 2001" does not satisfy the requirement that plaintiff state the time of the alleged misrepresentation, and plaintiff alleges no specific times on which the alleged misrepresentations were made. Plaintiff does not state which of defendant's employees or agents made the alleged misrepresentations or omissions on which the claim is based. Though it alleges that defendant concealed information upon which the fraud claim is based until April, 2005, plaintiff's complaint does not identify the information that was allegedly concealed, identify who concealed the information, or state why defendant was required to disclose the information.[1] In their memoranda supporting

---

[1]In its response to defendant's motion to dismiss, plaintiff states that

and opposing the pending motion to dismiss, both parties

include assertions that are not set out in the complaint.

However, subject to certain exceptions that are not applicable

here, only the allegations set out in the complaint are

relevant in analyzing the pending motion.

In its response to the motion to dismiss the fraud claim

pursuant to Rule 9(b), plaintiff does not cite federal law,

but instead asserts that it has sufficiently plead the

elements of a fraud claim under Oregon law.  However, though

the parties differ as to whether the law of Oregon or the law

of New York applies to the substance of that claim, whether

plaintiff has alleged fraud with the requisite particularity

is strictly an issue of federal procedure.  Because plaintiff

has not satisfied the pleading requirements of Rule 9(b), the

fraud claim should be dismissed.

---

On the eve of the deposition of plaintiff's chief
officer, defendant disclosed certain documents
indicating that for years the Mays Group had been
victim of a scheme whereby AT&T [and a large customer
with national offices] played two competing sales
agencies against each other, ultimately deciding to
favor the plaintiff's competitor with contracts in
excess of $160,000,000, **but without disclosing the
process or the decision to The Mays Group**.  AT&T has
defrauded plaintiff by inducing her to provide years
of valuable services when it had no intent to pay
commissions for the fruits of her labor.  This is not
a simple breach of contract case.

(Pl. Resp. at 2) (emphasis in original).  Even if these
assertions were included in plaintiff's amended complaint,
plaintiff's allegations would not satisfy the requirements
of Rule 9(b).

2. <u>Dismiss for failure to state a claim under Rule 12(b)(6)</u>

    a. <u>Standards</u>

In evaluating a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the allegations of material fact as true, and must construe those allegations in the light most favorable to the non-moving party. <u>Parks Sch. of Bus. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995). A claim should be dismissed only if it appears beyond doubt that the plaintiff can establish no set of facts under which relief could be granted. <u>Jacobsen v. Hughes Aircraft Co.</u>, 105 F.3d 1288, 1292 (1997) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

    b. <u>Analysis</u>

Defendants contend that the allegations supporting plaintiff's fraud and quantum meruit claims do not state claims upon which relief may be granted. Because I have concluded that plaintiff's fraud claim is clearly subject to dismissal for failure to comply with Rule 9(b), I need not and do not reach the separate question of whether plaintiff's allegations state a claim for fraud under the applicable state law.

The parties' arguments concerning the sufficiency of the fraud allegations are based in part on their differing opinions as to which state law applies to the claims in this

action.  Plaintiff contends that Oregon law applies, while
defendant cites a choice of law provision in the parties'
agency agreement specifying the application of New York law.
However, though the parties argue at length concerning the
choice of law issue, no copy of the agency agreement is
attached to the complaint or provided along with the parties'
memoranda.  Even if a copy of the agreement were included, I
would conclude that resolution of the choice of law issue is
premature at this time because the motion to dismiss can be
decided without determining what state law applies.

Defendant contends that, regardless of which state law
applies, plaintiff's allegations do not state a quantum meruit
claim upon which relief may be granted because such a claim is
actionable only in the absence of an enforceable contract, and
there is no question that an enforceable contract exists here
which applies to the allegations set out in the quantum meruit
claim.

This argument is correct.  Under both New York and Oregon
law, a plaintiff cannot prevail on a quantum meruit claim if
the services for which recovery is sought are addressed in an
enforceable contract.  <u>See</u> <u>Prestige Homes Real Estate Co. v.</u>
<u>Hanson</u>, 151 Or. App. 756, 761, 951 P.2d 193, 195 (1997)
(quantum meruit applies only where no enforceable contract
exists; "ultimately," valid legally enforceable contract and
implied contract covering same services cannot exist);

Scavenger, Inc. v. GT Interactive Software Corp., 734 N.Y.S.2d 141, 142, 289 A.D.2d 58 (1st Dep't 2001) (finding unjust enrichment claim "untenable" where the matters in dispute were governed by an express contract); Martin H. Bauman Assoc., Inc. v. H & M Intern. Transport, Inc., 567 N.Y.S. 2d 404, 408, 171 A.D.2d 479 (1st Dep't 1991) (cause of action under a quasi contract theory applies only in the absence of an express agreement.)

Here, the breach of contract claim alleges that plaintiff lost commissions and bonuses because defendant failed to provide customer contracts plaintiff needed to complete sales, failed to provide required notice before it amended the parties' contract in ways that deprived plaintiff of commissions and bonuses, and failed to provide required notice before canceling the agency contract. Plaintiff's quantum meruit claim alleges that plaintiff provided valuable services for defendant, that defendant accepted the benefit of plaintiff's services, and that plaintiff "is entitled to recover the reasonable value of the services it performed as measured by the commissions plaintiff would have earned if AT&T did not breach." The quantum meruit claim also alleges that defendant "repudiated the contract" or "terminated the benefits to plaintiff" without providing the notice required in the contract.

Accepting plaintiff's allegations as true, there is no question that the parties had an enforceable agreement pursuant to which plaintiff was to sell defendant's services in exchange for bonuses and commissions. Under the facts alleged, there is no question that the agreement applied to the issue raised in plaintiff's quantum meruit claim, which is plaintiff's alleged entitlement to payment for services it provided while performing its obligations under the contract. Plaintiff's quantum meruit claim explicitly refers to recovery of the amount it would have earned if defendant had not "breached." The "breach" alleged in the quantum meruit claim can only be construed as a breach of an obligation to perform as required under the parties' agreement. Likewise, the allegations in the quantum meruit claim that defendant "repudiated the contract" or "terminated the benefits to plaintiff" without providing the requisite notice clearly refer to the parties' allegedly enforceable agency agreement.

Accepting plaintiff's allegations as true in analyzing the pending motions, the court can only conclude that the parties had an enforceable contract, and that the contract applied to the dispute referenced in both the breach of contract and quantum meruit claims. Regardless of whether Oregon or New York law applies, under these circumstances, the complaint does not set out allegations upon which relief on

the quantum meruit claim could be granted.  That claim should therefore be dismissed.

## CONCLUSION

Defendant's motion to dismiss pursuant to Rules 12(b)(6) and 9(b) (#9-1) should be GRANTED.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due September 1, 2005.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objection. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 16th day of August, 2005.


/s/  John Jelderks
John Jelderks
U.S. Magistrate Judge